UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FASTFREIGHT PTE LTD. SINGAPORE, | : |
| Plaintiff, | : |
| v. | : |
| PRAXIS ENERGY AGENTS PTE LTD., | : |
| Defendant. | : |

**VERIFIED COMPLAINT**

The Plaintiff, Fastfreight Pte. Ltd. Singapore, as and for its Complaint against Defendant, Praxis Energy Agents Pte. Ltd, alleges upon information and belief as follows:

1. The Court has subject matter jurisdiction since this is an admiralty or maritime claim within the meaning of 28 U.S.C. § 1333. It is also an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2. Plaintiff, Fastfreight Pte. Ltd, Singapore (hereinafter "Plaintiff" or "Fastfreight") is a foreign corporation with a principal place of business located at 18-05, 1 North Bridge Road, High Street Center, Singapore 179094.

3. At all times material and relevant, Fastfreight provided freight services to all sizes of vessels in the drybulk and tanker arenas.

4. Defendant Praxis Energy Agents Pte. Ltd. (hereinafter "Defendant" or "Praxis") is an international marine fuel trader.

5. At all times material and relevant, Defendant Praxis had a principal place of business located at 300 Beach Road, The Concourse, Suite 10-01, Singapore 199555.

6. On or about June 12, 2019, Plaintiff and Defendant entered two contracts between Plaintiff, as buyer, and Defendant, as seller, for the supply of bunker fuel to the M/V STAR ELECTRA (IMO: 9442536) and the M/V AGRIA (IMO: 9584140) (the "Contracts")

7. The Contracts were confirmed by written exchanges dated June 12, 2019.

8. The Contracts incorporated the Praxis General Terms and Conditions for the Sale of Marine Bunker Fuels and Lubricants ("Praxis GTCs"), which bound the parties to submit disputes to this forum and for the application of the general maritime law of the United States.

9. The terms of the Contracts included the following:

   a. The delivery of the bunker fuel was to take place within the defined laycan window at Singapore (06/28/2019 - 07/08/2019 for M/V STAR ELECTRA and 06/23/2019 - 07/03/2019 for M/V AGRIA);

   b. Payments to be made on a cash in advance ("CIA") basis.

10. On or about June 13, 2019, Defendant sent to Plaintiff bunker nominations for the M/V STAR ELECTRA and the M/V AGRIA, confirming the transactions.

11. Plaintiff made CIA payments to Defendant for the fuel to be supplied by Defendant to both Vessels.

12. Under the M/V STAR ELECTRA nomination, between June 29, 2019 and July 8, 2019, Defendant was to deliver 1,000.000 metric tons of IFO-380 (RMG-380) MAX. 3.5% (NOMINATED QTY 850-1000 MTS) 2010 specifications, for a net price of USD 371.50 / per metric ton.

13. Under the M/V AGRIA nomination, between June 23, 2019 and July 3, 2019, Defendant was to deliver 600.000 metric tons of IFO-380 (RMG-380) MAX. 3.5%

(NOMINATED QTY 450-600 MTS) 2010 specifications, for a net price of USD 371.50 / per metric ton.

14. The M/V AGRIA Contract also imposed a barging charge of USD 1,500.00 if the delivered quantity was below 500 metric tons.

15. On or about June 28, 2019, Defendant unilaterally and unlawfully terminated the Contracts.

16. Plaintiff sent Defendant several written correspondences attempting to persuade Defendant to withdraw the unlawful, unilateral termination of the Contracts, but without success.

17. Defendant presented Plaintiff with an alternative offer to supply the bunker fuel to the vessels, but at a substantially higher price and outside the delivery window specified in the Contracts, which would have exposed Plaintiff to losses due to delay of the Vessels.

18. Plaintiff declined the Defendant's offer, instead mitigating its damages by entering "cover" transactions for the purchase of bunker fuel from alternative suppliers, at a cost of $438.50 per metric ton for the M/V STAR ELECTRA and $431.75 for the M/V AGRIA.

19. Defendant's correspondence of June 28, 2019 explicitly repudiated the Contracts and constituted a breach thereof.

20. Pursuant to U.C.C. §2-712, Plaintiff was entitled to enter into "cover" contracts to purchase substitute goods for those due from the Defendant.

21. Plaintiff mitigated its damages by contracting with alternative suppliers at a cost of USD $438.5 per metric ton.

22. As a result of Defendant's breach of contract, Plaintiff has suffered damages in the amount of $98,932.50.

WHEREFORE, Fastfreight Pte. Ltd. Singapore prays for judgment against Praxis Energy Agents Pte Ltd as follows:

    a. Damages in the amount of $98,932.50;

    b. Reasonable costs;

    c. Attorneys' fees; and

    d. Such other legal or equitable relief as the Court may deem just and proper.

Dated: January 6, 2020

    FASTFREIGHT PTE LTD. SINGAPORE

By: _/s/ Patrick F. Lennon_
Patrick F. Lennon, Esq.
LENNON, MURPHY & PHILLIPS, LLC
The GrayBar Building
420 Lexington Ave., Ste. 300
New York, NY 10170
Tel. (212) 490-6050
Fax (212) 490-6070
pfl@lmplaw.net

## ATTORNEY'S VERIFICATION

State of Connecticut  )
                     )  ss.:  Westport
County of Fairfield  )

1. My name is Patrick F. Lennon.

2. I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3. I am an attorney in the firm of Lennon, Murphy & Phillips, LLC, attorneys for the Plaintiff.

4. I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5. The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

6. The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

7. I am authorized to make this Verification on behalf of the Plaintiff.

Dated: January 6, 2020

_____
Patrick F. Lennon