UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FASTFREIGHT PTE LTD. SINGAPORE, :
:
       Plaintiff, :
: Case No. 1:20-cv-00090
    v. :
:
PRAXIS ENERGY AGENTS PTE LTD., :
:
       Defendant. :

## DEFENDANT PRAXIS ENERGY AGENTS PTE LTD.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF FASTFREIGHT PTE LTD. SINGAPORE'S VERIFIED COMPLAINT

COMES NOW, Defendant Praxis Energy Agents PTE Ltd. (hereinafter "Praxis" or "Defendant"), by and through its undersigned counsel hereby files this Answer and Affirmative Defenses to Plaintiff Fastfreight PTE Ltd. Singapore's (hereinafter "Fastfreight" or "Plaintiff") Verified Complaint and answers upon information and belief as follow:

1. The allegations contained in Paragraph 1 of the Verified Complaint are legal conclusions for Plaintiff to credibly prove and the Court to determine. To the extent that a response is required, Defendant admits the allegations contain in Paragraph 1 of the Verified Complaint.

2. Defendant admits the allegations contained in Paragraph 2 of the Verified Complaint.

3. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 3 of the Verified Complaint, and therefore, Defendant denies the allegations.

4. Defendant admits the allegations contained in Paragraph 4 of the Verified Complaint.

1

5. Defendant admits the allegations contained in Paragraph 5 of the Verified Complaint.

6. Defendant admits the allegations contained in Paragraph 6 of the Verified Complaint.

7. Defendant admits the allegations contained in Paragraph 7 of the Verified Complaint.

8. Defendant admits the allegations contained in Paragraph 8 of the Verified Complaint.

9. To the extent that the allegations contained in Paragraph 9 of the Verified Complaint seek to paraphrase or characterize the contents of a written document, the document speaks for itself and Defendant denies the allegations to the extent that they are inconsistent with the document.

10. Defendant admits the allegations contained in Paragraph 10 of the Verified Complaint.

11. Defendant admits the allegations contained in Paragraph 11 of the Verified Complaint.

12. To the extent that the allegations contained in Paragraph 12 of the Verified Complaint seek to paraphrase or characterize the contents of a written document, the document speaks for itself and Defendant denies the allegations to the extent that they are inconsistent with the document.

13. To the extent that the allegations contained in Paragraph 13 of the Verified Complaint seek to paraphrase or characterize the contents of a written document, the document

speaks for itself and Defendant denies the allegations to the extent that they are inconsistent with the document.

14. To the extent that the allegations contained in Paragraph 14 of the Verified Complaint seek to paraphrase or characterize the contents of a written document, the document speaks for itself and Defendant denies the allegations to the extent that they are inconsistent with the document.

15. Defendant denies the allegations contained in Paragraph 15 of the Verified Complaint.

16. Defendant denies the allegations contained in Paragraph 16 of the Verified Complaint.

17. Defendant denies the allegations contained in Paragraph 17 of the Verified Complaint.

18. Defendant denies the allegations contained in Paragraph 18 of the Verified Complaint.

19. Defendant denies the allegations contained in Paragraph 19 of the Verified Complaint.

20. The allegation contained in Paragraph 20 of the Verified Complaint is a legal conclusion for Plaintiff to credibly prove and the Court to determine. To the extent that a response is required, Defendant denies the allegations contain in Paragraph 20 of the Verified Complaint.

21. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 21 of the Verified Complaint, and therefore, Defendant denies the allegations.

22. Defendant denies the allegations contained in Paragraph 22 of the Verified Complaint.

## AFFIRMATIVE DEFENSES

Pleading further and in the alternative, Defendant Praxis asserts the following affirmative defenses:

23. As for its first affirmative defense, Praxis avers that the Verified Complaint fails to state a claim upon which relief can be granted.

24. As for its second affirmative defense, Praxis avers that Praxis is not the legal or proximate cause of any damages claimed by Defendant in its Verified Complaint.

25. As for its third affirmative defense, Praxis avers that Plaintiff's claims are barred and were the result of one or more intervening or superseding causes

26. As for its fourth affirmative defense, Praxis avers that Plaintiff's claims are barred by the doctrines of laches, waiver, and/or estoppel.

27. As for its fifth affirmative defense, Praxis avers that Plaintiff's claims are barred by Plaintiff's failure to mitigate its damages.

28. As for its sixth affirmative defense, Praxis avers that Plaintiff's claims are barred by Plaintiff's own culpable conduct, breach of contract, other acts, omissions, or its failure to act.

29. As for its seventh affirmative defense, Praxis avers that Plaintiff's damages were caused by Defendant's own negligence or negligence of a third party.

30. As for its eighth affirmative defense, Praxis avers that Plaintiff's damages were caused by an act of god (force majeure) and not caused by Praxis.

31. As for its eighth affirmative defense, Praxis avers that Plaintiff's claims are barred by the doctrine of unclean hands.

32. Praxis reserves the right to raise additional affirmative defenses upon further discovery of information.

WHEREFORE, Defendant Praxis Energy Agents PTE Ltd. respectfully requests that the Court enter judgment in its favor and against Plaintiff Fastfreight PTE Ltd. Singapore and respectfully request that:

A. The Court dismiss all claims and causes of action contained in Plaintiff's Verified Complaint against Defendant;

B. The Court denies Plaintiff's request for damages in the amount of $98,932.50 and that Plaintiff take nothing by reason of the Verified Complaint;

C. The Court denies Plaintiff's request for reasonable costs;

D. The Court denies Plaintiff's request for attorney's fees

E. The Court denies Plaintiff's request for other legal and equitable relief; and

F. Such other and further relief as this Court deems just and proper.

Dated: February 21, 2020                             Respectfully submitted,


                                                     CHALOS & CO, P.C.


                                                     __/s/ Briton P. Sparkman_____
                                                     George M. Chalos, Esq.
                                                     Briton P. Sparkman, Esq.
                                                     55 Hamilton Avenue
                                                     Oyster bay, NY 11771
                                                     Tel: (516) 714-4300
                                                     Fax: (516) 750-9051
                                                     Email: gmc@chaloslaw.com
                                                              bsparkman@chaloslaw.com

                                                     *Attorneys for Defendant*
                                                     *Praxis Energy Agents PTE Ltd.*